IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                                    PLAINTIFF

v.                                             Civil No. 4:22-cv-4029

SHERIFF BRYANT MCJUNKINS, Howard
County, Arkansas; ADMINISTRATOR JANA
TALLANT; DEPUTY TRENT COFFMAN;
DEPUTY SHELBY DAVIS; DEPUTY
INVESTIGATOR JOEY DAVIS; and
OFFICER COFFMAN                                                                                           DEFENDANTS

**ORDER**

Plaintiff Willie Munn, an inmate in the Howard County Detention Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is the issue of whether Plaintiff may proceed *in forma pauperis* in this case.

**I.  BACKGROUND**

Plaintiff submitted his Complaint on March 25, 2022. (ECF No. 1). That same day, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 3).

Plaintiff named Bryant McJunkins, Jana Tallant, Trent Coffman, Shelby Davis, Joey Davis, and Officer Coffman as Defendants in this action. Plaintiff appears to allege that he was arrested without a warrant or probable cause, denied due process, and discriminated against on February 18, 2022. (ECF No. 1, pp. 4-5). He also states Defendant Coffman drug him across the floor, injuring his back, neck, and tailbone. Plaintiff sues Defendants in their individual and official capacities, and seeks compensatory and punitive damages. *Id.*

Shortly after granting IFP status to Plaintiff, the Court discovered that he previously filed at least three section 1983 actions that were dismissed as either frivolous or for failure to state a claim upon which relief may be granted. Thus, this order issues from that discovery.

## II. DISCUSSION

In enacting the federal IFP statute, 28 U.S.C. § 1915, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The Prison Litigation Reform Act of 1995 ("PLRA") substantially amended the IFP statute to require all prisoner litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the case or proceeds IFP, allowing him to pay the filing fee in installments over time. *See Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997).

To help stop a "flood of nonmeritorious" prisoner litigation, the PLRA also contains what is commonly referred to as the "three strikes" provision. 28 U.S.C. § 1915(g); *Jones v. Bock*, 549 U.S. 199, 203 (2007). That rule effectively bars a prisoner from filing a civil action IFP or appealing a judgment in a civil action IFP if, on three or more prior occasions, he or she filed an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim.[1] *See Hunter v. Jordheim*, No. 3:14-cv-044, 2014 WL 3938789, at *4 (D.N.D. Aug. 11, 2014) (citing 28 U.S.C. § 1915(g)). "The Court may sua sponte raise the three strikes provision of the PLRA." *Id.*

---

[1] Importantly, the three-strikes provision "does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA are counted in determining whether a prisoner has three strikes. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing the dismissal of the plaintiff's pre-PLRA claims in determining his number of strikes); *Pride v. Norris*, No. 4:06-cv-0652-SWW, 2006 WL 1699836, at *1 (E.D. Ark. June 19, 2006). Strikes from other judicial districts are also counted. *See Hunter*, 2014 WL 3938789, at *6 (counting the plaintiff's strike from other judicial districts).

In this case, the three-strikes rule applies to Plaintiff. He has at least three previous actions that were dismissed as either frivolous or for failure to state a claim, and thus qualify as strikes against him under 28 U.S.C. §1915(g). *See, e.g.*, *Munn v. Hunt*, No. 4:15-cv-4072-SOH (W.D. Ark. Oct. 5, 2017), ECF No. 29; *Munn v. Moncrief*, No. 5:05-cv-0052-JMM (E.D. Ark. May 25, 2005), ECF No. 7; *Munn v. Garland*, No. 4:02-cv-4132-HFB (W.D. Ark. March 13, 2003), ECF No. 15; *Munn v. Endell*, No. 5:93-cv-0308-SWW (E.D. Ark. May 25, 1993), ECF No. 6. Therefore, Plaintiff accumulated three strikes prior to filing this case on March 25, 2022.

Generally, this means that Plaintiff cannot proceed IFP. However, he can still proceed IFP if he falls under the "imminent danger" exception to the three-strikes rule. *See* 28 U.S.C. §1915(g). The imminent-danger exception applies only if the prisoner alleges he is in imminent danger of serious physical injury "at the time of filing." *Ashley*, 147 F.3d at 717.

Plaintiff has not alleged that he is in any danger, much less imminent danger, at the time he filed this case. Instead, he challenges his arrest, current incarceration, and claims he was previously injured by one of the Defendants during his incarceration. Thus, he has not satisfied the imminent-danger exception to the three-strikes rule. As a result, the three-strikes rule prevents him from proceeding IFP in this case. Plaintiff's IFP status will be revoked, and this case will be

dismissed without prejudice. *See Pinder v. Wellpath*, No. 2:20-cv-0201-BSM-JJV, 2021 WL 5856515, at *2 (E.D. Ark. Sept. 8, 2021), *report and recommendation adopted*, No. 2:20-cv-0201-BSM, 2021 WL 5856573 (E.D. Ark. Dec. 9, 2021). Plaintiff may continue the case by paying the full filing fee to the Clerk of Court and then filing a motion to reopen the case within the next thirty days. *Id.*

### III. CONCLUSION

For the foregoing reasons, Plaintiff's IFP status is hereby revoked, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to continue this case, he must, within thirty (30) days of the entry of this order: (a) pay the $350 filing fee in full to the Clerk of Court, noting the above case name and number; and (b) file a motion to reopen the case. Furthermore, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal of this order would not be taken in good faith.

**IT IS SO ORDERED**, this 7th day of April, 2022.

　　　　　　　　　　　　　　　　　　　　/s/ Susan O. Hickey
　　　　　　　　　　　　　　　　　　　　Susan O. Hickey
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge